IN THE DISTRICT COURT OF GUAM

UNITED STATES OF AMERICA,  ) CRIMINAL CASE NO. 18-00032
                Plaintiff,  )
      vs.  ) **REPORT & RECOMMENDATION CONCERNING VIOLATIONS OF SUPERVISED RELEASE CONDITIONS IN A FELONY CASE**
SHAWN M.P. ROSARIO,  )
                Defendant.  )

Pending before the court is a violation petition and supporting declaration (the "Violation Petition") filed on August 31, 2021, and a Supplemental Declaration filed on March 18, 2022, *see* ECF Nos. 46 and 49, alleging the Defendant violated his supervised release conditions as follows:

1. tested positive for methamphetamine on July 4, 2021;
2. admitted to drug use (Adderall) on July 3 or 4, 2021;
3. drug test "stall" on July 12 and 15, 2021;
4. failed to report for drug testing on five occasions (July 30, 2021, and August 1, 21 and 23-24, 2021);
5. failed to comply with substance abuse treatment for the months of July and August 2021;
6. failed to submit monthly supervision report for July 2021;
7. arrested on February 8, 2022, for new local offenses (License Plates, Imprudent Driving, Eluding a Police Officer, No Driver's License, Expired Registration, No Insurance, Possession of a Firearm Without a Valid Identification Card, Concealed Firearm and Unregistered Firearm);
8. failed to timely report contact with law enforcement; and
9. possessed a firearm on February 7, 2022.[1]

---

[1] According to the Amended Worksheet, all the allegations are Grade C violations, with the exception of allegation #7 and 9, which are Grade B violations. *See* Am. Worksheet at ¶7, ECF No. 49-1.

On August 2, 2022, the Defendant entered admissions to all the violations set forth above, with the exception of allegations 7 and 9. *See* Minutes, ECF No. 56. The United States agreed not to pursue allegations 7 and 9. *Id.* The parties then presented their arguments on an appropriate sanction for the violations. *Id.* Having then heard argument from the parties, the court now issues this Report and Recommendation as to an appropriate disposition for the supervised release violations.

## BACKGROUND

### A. Conviction and Sentence

On July 9, 2019, the Defendant was sentenced to 33 months of imprisonment, with credit for time served, followed by three years of supervised release, for the offense of Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. §922(g)(1). *See* J., ECF No. 41. He was ordered to perform 50 hours of community service, which would be suspended if he was gainfully employed. *Id.* at 5. Among various conditions of supervised release imposed, the Defendant was ordered to refrain from the unlawful use of controlled substances and participate in a substance abuse treatment program, submit to drug testing. *Id.* The Defendant was also ordered not to commit another federal, state or local crime, to report to the probation officer as instructed, not to own or possess or have access to a firearm, and to notify the probation officer within 72 hours of any arrest or questioning by law enforcement. I*d.* at 3-4.

The Defendant commenced his supervised release term on February 16, 2021. *See* Violation Pet. at 1, ECF No. 46.

### B. Post-Conviction Conduct

On April 26, 2021, an informational report was filed after the Defendant admitted he used methamphetamine on March 2, 2021, and tested positive for methamphetamine on March 8, 2021. *See* ECF No. 44. At the request of the probation officer, the court took no punitive action for the violation. *See* Order, ECF No. 45.

## CURRENT VIOLATIONS

### A. Filing of Violation Petition and Issuance of Arrest Warrant

On August 31, 2021, the probation officer filed the instant Violation Petition, along with a

supporting declaration and a violation worksheet, *see* ECF No. 46, alleging the Defendant violated his supervised release conditions as follows:

<u>Positive drug test</u>

On July 4, 2021, the Defendant reported to the Lighthouse Recovery Center ("LRC") for a scheduled drug test and tested presumptive positive for methamphetamine use. The Defendant denied using illicit substances, so the sample was sent for lab analysis.

A lab report received on July 23, 2021, confirmed the sample was positive for D-methamphetamine.

<u>Admitted to unlawful drug use (Adderall)</u>

On July 5, 2021, the probation officer contacted the Defendant to discuss his positive drug test from the day before. The Defendant stated that he had been taking medication for his leg pain. The probation officer instructed the Defendant to report to the probation office on July 8, 2021, to discuss the matter further.

On July 8, 2021, the Defendant reported as instructed. The Defendant claimed he had been suffering pain and swelling in his leg, and someone offered him Adderall to relieve the pain. The Defendant took the medication, not knowing what it was, and despite the fact that it was not prescribed to him. He signed an admission for to having used Adderall on July 3 or 4, 2021.

<u>Failed to provide urine sample (stall)</u>

On July 12, 2021, the Defendant reported to LRC for drug testing but failed to provide a sample for testing (considered a "stall"). The following day, the probation officer called the Defendant's phone, but was unsuccessful in speaking with the Defendant. The officer sent a text message to the Defendant with instructions for him to call his probation officer, but no return call was made.

On July 15, 2021, the Defendant again reported to LRC but failed to provide a sample for testing.

<u>Failed to report for drug tests</u>

The Defendant failed to report for drug tests scheduled on July 30, 2021, and August 1, 21 and 23-24, 2021.

### Failed to comply with substance abuse treatment

Following a substance abuse treatment assessment by WestCare Pacific Islands, it was recommended that the Defendant participate in weekly individual sessions. While the Defendant attended all his sessions in May 2021, he only appeared for one session in June and another session on July 8, 2021. The Defendant cancelled his session on July 15, 2021, and failed to appear for sessions scheduled on July 19, 25 and 29, 2021. Furthermore, he made no contact with WestCare during the month of August 2021.

On August 30, 2021, the probation officer called the Defendant's cellular phone. A young lady answered the phone and said that the Defendant was not using that phone anymore. She claimed she was a friend of the Defendant's and provided the probation officer with a new number to contact the Defendant. The probation officer then called the number provided. A male voice answered the call, but when the probation officer said "hello," the individual on the other end terminated the call.

### Failed to submit monthly supervision report

The Defendant submitted his June 2021 monthly report on July 8, 2021. He failed to submit his July 2021 monthly report or contact the probation officer as required for his monthly check-in.

At the request of the Probation Officer, the court ordered that a warrant issue for the Defendant's arrest. *See* Order, ECF No. 48.

**B.  Filing of Supplemental Declaration**

On March 18, 2022, the probation officer filed a Supplemental Declaration alleging further supervised release violations by the Defendant. *See* Suppl. Decl., ECF No. 49. According to the Supplemental Declaration, the Defendant committed the following additional violations:

### Commission of new criminal offense and Possession of a Firearm

On February 17, 2022, the probation officer received an FBI Criminal Justice Information Services notice that the Defendant was arrested on February 8, 2022, for a firearms offense. The probation officer reviewed the related Guam Police Department report which indicated that on February 7, 2022, at about 11:05 p.m., police observed a motorcycle traveling on Route 1 in Dededo without any license plates. The motorcycle was traveling around 40 miles per hour. The police

officer activated his patrol lights and siren to conduct a traffic stop, but the operator of the motorcycle increased his speed and took several turns in an attempt to elude the officer. Eventually the operator lost control of the motorcycle when he made a sudden sharp turn, causing the motorcycle to slide off the roadway and into a parked car.

The motorcycle operator removed his helmet and was later identified as the Defendant. When asked to provide identification, the Defendant stated he had none, but he provided his name to the officer. The officer handcuffed the Defendant, conducted a pat down and felt a firearm concealed in the front portion of the Defendant's torso. As the officer began to retrieve the firearm, the Defendant stated, "Sir, I have a gun. That gun doesn't belong to me. I was just bringing it to a friend, Pat Castro." He was then arrested for various offenses.[2] He subsequently tested positive for COVID-19, so the Department of Corrections refused to accept him, and the police released the Defendant.

<u>Failure to timely notify probation officer of contact with law enforcement</u>

As of the date of the filing of the Supplemental Declaration, the Defendant never contacted the probation officer to notify her of his contact with law enforcement.

**C.  Arrest and Initial Appearance**

On May 17, 2022, the U.S. Marshals Service arrested the Defendant. *See* Return of Warrant, ECF No. 51.

He appeared in court the following day and was appointed counsel. *See* Minutes, ECF

---

[2] These offenses were:
- Two License Plates, 16 GCA 7129(a)
- Imprudent Driving, 16 GCA 3301(a)
- Eluding a Police Officer, 16 GCA 3301.1(a)
- No Driver's License, 16 GCA 3101(a)
- Registration Expired, 16 GCA 7130
- Mandatory Insurance 19 GCA 19102
- Purchase or Possess/Use or Carry Firearm without a Valid ID, 10 GCA 60121(e)
- Concealed Firearm without a Valid Firearm ID Permitting Conceal, 10 GCA 60121(c) and
- Firearm Unregistered, 10 GCA 6012(a).

*See* Suppl. Decl. at 4-5, ECF No. 49.

No. 52, and Appointment Order, ECF No. 54. Ms. Lujan asked for a one-month continuance to discuss the matter further with the Defendant. Government counsel asked that the Defendant be detained in light of his criminal history and the potential sentencing range. Without objection, the court ordered that the Defendant be detained, finding him a flight risk. The court also continued the Defendant's answering to June 16, 2022.

**D.     Further Court Hearings and Admissions**

On June 16, 2022, the Defendant appeared before the court, and Ms. Lujan requested a continuance so that she could follow up on the Defendant's local case. *See* Minutes, ECF No. 55. Without objection, the matter was continued to August 2, 2022.

On August 2, 2022, the parties appeared before the court, and Ms. Lujan reported that she and the government had reached an agreement on how to dispose of the violations. *See* Minutes, ECF No. 56. Defense counsel stated that the Defendant would admit to all the Grade C violations, and the government would dismiss the Grade B allegations. Counsel of the United States agreed to the representation and stated that she hoped to address the Grade B violations in a different proceeding. The Defendant then admitted to the Grade C violations, and the parties presented their respective arguments as to an appropriate sentence for the violations. The court ordered that the Defendant remain detained pending the final disposition hearing. Having reviewed the record herein and considered the parties' recommendations, the court now issues this Report and Recommendation.

## LEGAL STANDARD

The standard of proof for revocation of supervised release is governed by statute. A district court may revoke a term of supervised release only if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). *See also United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996) ("for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation). Revocation is mandatory if a defendant tests refuses to comply with drug testing. *See* 18 U.S.C. § 3583(g)(3).

///

**PARTIES' RESPECTIVE POSITIONS AND FACTORS CONSIDERED**

According to the Amended Violation Worksheet, the allegations to which the Defendant admitted are Grade C violations, with a guidelines range of imprisonment of 7-13 months, based on the Defendant's CHC of V, followed by 23-29 months of supervised release. *See* Am. Violation Worksheet at ¶¶7 and 9, ECF No. 49-1. This is the Defendant's first revocation proceeding. His underlying offense of conviction is a Class C felony, so the maximum sentence the Defendant can serve for a revocation is not more than two years pursuant to 18 U.S.C. § 3583(e)(3). The Defendant has been detained since May 17, 2022, so he will have 85 days of confinement credit as of the date of this Report and Recommendation.

Defense counsel and the government agreed to a sentence of seven months' imprisonment, with Ms. Lujan noting that this was the Defendant's first revocation proceeding and that all his violations were related to his substance addiction. Defense counsel argued that a sentence at the low end of the guidelines range would allow the Defendant to get treatment once he was done serving his sentence. Ms. Lujan acknowledged that the Defendant did not avail himself of drug treatment upon his return to Guam after serving his original sentence, but he has since taken the initiative to seek an assessment from Guam Behavioral Health and Wellness Center ("GBHWC") while he was detained at the federal detention facility. Ms. David agreed with the recommendation and to the dismissal of the remaining more serious allegations, stating that she hoped the Grade B allegations would be addressed in a different proceeding.

The Defendant addressed the court and acknowledged his mistakes. He expressed that although he had relapsed, he wanted to seek treatment to address his addiction.

The probation officer did not agree that the Defendant should receive a sentence at the low end of the guidelines. She noted that the Defendant has a dozen previous arrests and had his pretrial release revoked in this case. She asserted that he posed a real danger to the community based on the allegations in the Supplemental Declaration. The probation officer asked the court to impose a sentence of 13 months' imprisonment.

It is obvious to the court that the Defendant has a drug issue that needs to be addressed. While GBHWC assessments can be conducted at the federal detention center, the facility does not

offer any substance abuse treatment, which is needed if the Defendant is to attain sobriety. It does not serve the Defendant or society's best interest to simply warehouse the Defendant for a long imprisonment term without offering him any treatment during his incarceration period. The Defendant has admitted he made a mistake and is seeking treatment, which is the first step in his recovery process. Additionally, this is the Defendant's first revocation proceeding, which merits some leniency from the court. While the court acknowledges the probation officer's concern about the seriousness of the allegations, the government has agreed to dismiss the Grade B allegations and have them addressed in another proceeding, perhaps in the Superior Court of Guam where those charges are still pending.

Having heard the parties' positions, the court adopts the government and the Defendant's recommended sentence of seven months' imprisonment. The court believes the recommendation provides just punishment, reflects the seriousness of the violations, and affords the Defendant access to substance abuse treatment within a reasonable time frame.

### RECOMMENDATION BY MAGISTRATE JUDGE

Having considered the above factors, the undersigned recommends the Chief Judge (1) accept the Defendant's admissions to the Grade C violations, (2) grant the United States' request to dismiss the Grade B allegations, (3) revoke the Defendant's supervised release term and (4) sentence him to serve an imprisonment term of seven months, with credit for time served, followed by 29 months of supervised release.

A disposition hearing shall be held on August 24, 2022, at 1:30 p.m., unless otherwise rescheduled by the Chief Judge.

IT IS SO RECOMMENDED.

/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Aug 09, 2022

### NOTICE

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**